JAMES O. McDONALD, Appellee, v. I. M. WEBB, Appellant, C. W. McColm, Appellee.

No. 43560.

FEBRUARY 16, 1937.

R. Brown, Grant L. Hayes, and Frank Wisdom, for appellant.

Frank F. Wilson and Stipe, Davidson & Davidson, for appellee, James O. McDonald.

H. T. Pressly, for appellee, C. W. McColm.

MITCHELL, J.—James O. McDonald commenced this action to replevy certain property covered by chattel mortgage executed by I. M. Webb and C. W. McColm. Webb filed his separate answer, in which he denied that there was any consideration for the signing of the note and mortgage, alleging that the execution of same was secured by fraud and fraudulent representations. There was a trial, at which numerous witnesses testified. The case was submitted to a jury, which returned a verdict in favor of McDonald. Webb was dissatisfied and has appealed.

■■■ I. The first contention of the appellant is that there is not sufficient evidence to sustain the verdict of the jury. So we must turn to the record to ascertain the facts.

In September of 1928, C. W. McColm, who was the owner of a farm in Ringgold County, and I. M. Webb, who owned certain livestock and machinery, entered into a stock-share partnership agreement for the operation of the farm. It provided, among other things, that the parties were to be equal owners of all of the personal property; that the partnership was to be known as Webb & McColm; that the profits of the enterprise were to be divided equally between them. On July 12, 1929, Webb & McColm made, executed and delivered to McDonald a note for $2,500, secured by a chattel mortgage on personal property. At this time they were operating the farm under the arrangement which they had previously entered into, and owned the property covered by the chattel mortgage. On February 24, 1933, Webb & McColm executed another chattel mortgage, which covered the same and some additional personal property located on the farm operated by them, securing the same $2,500 note. Thereafter the sum of $280.84 was paid upon this note. In December of 1933, the debt being past due, McDonald being refused possession of the mortgaged personalty, to which he claimed he was entitled under the provisions of the mortgage, commenced this action in replevin. McColm filed no answer, and as a witness in the case admitted liability. Webb claimed that

there was no consideration for the signing of the note sued upon; that in truth and in fact it was only a "cover-up" note and mortgage, given for the sole purpose of preventing other creditors of McColm from levying upon the property. There was a long, hard-fought trial. From reading this record one immediately comes to the conclusion that there was real feeling between the parties and that the lawyers on both sides fought with all of their ability to protect the interests of their respective clients.

To support the contention of the appellant he offered the evidence of himself, his wife, his son, and other witnesses, that there was no consideration for the signing of the note and mortgage and that the instruments were executed for the sole purpose of preventing creditors from levying upon the property. Opposed to this testimony is that of the appellee, who testified he did pay to Webb & McColm the sum of $2,500. The attorney who prepared the instruments testified that the money was turned over in his office, and McColm, one of the makers of the instruments and a member of the partnership, admitted that the $2,500 was paid.

It is interesting to note that the appellant at the close of the evidence did not make a motion for a directed verdict. It is his contention now, as we read his argument, not that there wasn't a dispute or conflict in the evidence, but that the witnesses offered by appellee, upon this record, cannot be believed. Clearly, there was a conflict in the evidence—a severe and sharp one. To decide such conflicts we have juries. This case was submitted to the jury. There is plenty of evidence in the record to support the conclusion reached by the jury. No good could be accomplished by setting out in detail this evidence. This court will not interfere with a verdict of a jury upon a disputed fact question, when, as in the case at bar, there is evidence to support that verdict.

▌▌▌ II. The next proposition seriously contended by appellant is that there was misconduct on the part of the jury. At length he argues this question in his brief and argument. He alleges that certain things took place in the jury room. Yet, there is not the affidavit of a single juror, there is not one word of evidence in this record, upon which he has any right to base the allegations he makes. If what he argues was true, he should have properly presented it to this court. We will not give consideration to arguments which are not based upon facts set out

in the record. The appellee, to offset appellant's contention, offers the affidavit of the presiding judge, which denies specifically the unsupported charges made by appellant.

Many other errors are alleged. They are not argued, and will therefore not be considered. This case was one in which there was a serious dispute between the parties. The jury was charged with the responsibility of deciding that dispute. The case was properly submitted to the jury, which returned a verdict against the appellant. This court will not interfere with that verdict.

It therefore follows that this case must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.